21001375CA

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR THE CIRCUIT CIVIL DIVISION
OF BAY COUNTY, FLORIDA**

**FRANKLIN PATRICK, JR.,**

        **Plaintiff,**

**vs.**

**AVENUE 12 HOLDINGS, LP, d/b/a
THE GROCERY OUTLET,**

        **Defendant.**

_____ /

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, First Set of Interrogatories, First Request for Production, First Request for Admissions, and Standing Civil Case Management Order in the above-styled cause upon the Defendant:

**AVENUE 12 HOLDINGS, LP
d/b/a THE GROCERY OUTLET
c/o CRAIG BEHRENFELD
601 BAYSHORE DRIVE, SUITE 700
TAMPA, FL 33606**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on**:**

**Nicole E. Blais, Morgan & Morgan, P.A.
1022 West 23rd Street, Suite 630, Panama City, Florida, 32405
Service E-Mail: NBlais@forthepeople.com; HJamerson@forthepeople.com;
RLowe@forthepeople.com
Telephone: (850) 481-4160/Facsimile: (850) 481-6190**

EXHIBIT A

**within twenty (20) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

Persons with a disability needing special accommodation in order to access court facilities or participate in a court proceeding at any courthouse or court program, should within two (2) days of receipt of notice, contact Court Administration to request such an accommodation. Please contact the following: at 300 E. 4th Street, Panama City, Bay County, Florida, (850) 763-9061; Hearing & Voice Impaired: 1-800-955-8771.

WITNESS my hand and seal of this Court on this ___8___ day of ___DECEMBER___, 2021.

Clerk of the Circuit Court

By ___Haley Fernandez___

As Deputy Clerk


In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration at 300 E. 4th Street, Panama City, Bay County, Florida, (850) 763-9061; no later than seven (7) days prior to the proceeding.  If hearing impaired, (TDD) 1-800-955-8771, or Voice (V) 1-800-955-8770, via Florida Relay Service.

2

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable,

avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

Nicole E. Blais, Esquire
FBN 111904
Morgan & Morgan
1022 West 23rd Street, Suite 630
Panama City, Florida, 32405
850-481-6190

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR THE CIRCUIT CIVIL DIVISION, OF BAY COUNTY, FLORIDA**

**FRANKLIN PATRICK, JR.,**            **CASE NO:** 21001375CA

       **Plaintiff,**

**vs.**

**AVENUE 12 HOLDINGS, LP, d/b/a
THE GROCERY OUTLET,**

       **Defendant.**

_____ /

## **COMPLAINT**

COMES NOW Plaintiff, FRANKLIN PATRICK, JR., and sues Defendant, AVENUE 12

HOLDINGS, LP, d/b/a THE GROCERY OUTLET ("GROCERY OUTLET"), and alleges:

1.      This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of

Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court).

Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of

the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only*

(the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the

civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla.

Const.

2.      Plaintiff is a natural person residing at 25700 NE Alliance Road, Altha, Florida,

32421.

1

3. At all times material to this action, GROCERY OUTLET is a limited partnership licensed to do business in the State of Florida.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 225 South Tyndall Parkway, Callaway, Bay County, Florida, which was open to the general public, including the Plaintiff herein.

5. On or about October 3, 2020, Plaintiff, FRANKLIN PATRICK, JR., visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, FRANKLIN PATRICK, JR., was a lawful guest upon the premises of the Defendant, GROCERY OUTLET, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, GROCERY OUTLET

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the aisle flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

2

c)      Negligently failing to inspect or adequately inspect the aisle flooring, as specified above, to ascertain whether the restaurant floor, which was poorly maintained, constituted a hazard to patrons utilizing said aisle flooring, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the aisle flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the aisle flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the aisle flooring for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the aisle flooring for dangerous conditions;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the aisle flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)      Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)      Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)     Negligently failing to act reasonably under the circumstances;

n)      Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)      Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)      Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)      Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)      Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)      Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10.     As a result, while Plaintiff was visiting Defendant's business, he slipped on a foreign substance on the aisle flooring area, sustaining significant personal injuries.

11.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, FRANKLIN PATRICK, JR., sues the Defendant, GROCERY OUTLET, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, GROCERY OUTLET

12.    Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13.    At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the aisle flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)    Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

c)    Negligently failing to inspect or adequately inspect the aisle flooring, as specified above, to ascertain whether the restaurant floor, which was

5

poorly maintained, constituted a hazard to patrons utilizing aisle flooring, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the aisle flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the aisle flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the aisle flooring for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the aisle flooring for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)    Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the aisle flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)    Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)    Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)    Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said

conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)    Negligently failing to act reasonably under the circumstances;

n)    Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p)    Negligently failing to install, maintain and provide a safe flooring surface within the subject premises

q)    Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)    Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)    Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16.    As a result, while Plaintiff was visiting Defendant's business, he slipped on a foreign substance on the aisle flooring, sustaining significant personal injuries.

17.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and

aggravation of previously existing condition.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, FRANKLIN PATRICK, JR., sues the Defendant, GROCERY OUTLET, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 8th day of December, 2021.

/s/ *Nicole E. Blais*
Nicole E. Blais
FBN 111904
Morgan & Morgan, PA
1022 West 23rd Street, Suite 630
Panama City, Florida 32405
Primary Email: NBlais@forthepeople.com
Secondary Emails: hjamerson@forthepeople.com
rlowe@forthepeople.com
Phone: (850) 481-4160
Fax: (850) 481-6190
Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR THE CIRCUIT CIVIL DIVISION, OF BAY COUNTY, FLORIDA**

FRANKLIN PATRICK, JR.,                    CASE NO:  2021-CA-1375

        Plaintiff,

vs.

FORSTER AND HOWELL,
INCORPORATED, d/b/a
GROCERY OUTLET,

        Defendant.

_____ /

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, First Set of Interrogatories, First Request for Production, First Request for Admissions, and Standing Civil Case Management Order in the above-styled cause upon the Defendant:

**FORSTER AND HOWELL, INCORPORATED, d/b/a
GROCERY OUTLET,
c/o JACK HOWELL, Registered Agent
2913 West Highway 98,
Panama City, Florida, 30401**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on:

**Nicole E. Blais, Morgan & Morgan, P.A.
1022 West 23rd Street, Suite 630Panama City, Florida 32405
Service E-Mail: nblais@forthepeople.com; hjamerson@forthepeople.com;
rlowe@forthepeople.com
Telephone: (850) 481-4160/Facsimile: (850) 481-6190**

**within twenty (20) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before

1

service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

Persons with a disability needing special accommodation in order to access court facilities or participate in a court proceeding at any courthouse or court program, should within two (2) days of receipt of notice, contact Court Administration to request such an accommodation. Please contact the following: at 300 E. 4th Street, Panama City, Bay County, Florida, (850) 763-9061; Hearing & Voice Impaired: 1-800-955-8771.

WITNESS my hand and seal of this Court on this 1/7/2022 ██████████████████.

Clerk of the Circuit Court

By _Haley Fernandez_____

As Deputy Clerk


In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration at 300 E. 4th Street, Panama City, Bay County, Florida, (850) 763-9061; no later than seven (7) days prior to the proceeding.  If hearing impaired, (TDD) 1-800-955-8771, or Voice (V) 1-800-955-8770, via Florida Relay Service.

2

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable,

avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

Nicole E. Blais, Esquire
FBN 111904
Morgan & Morgan
1022 West 23rd Street, Suite 630
Panama City, Florida, 32405
850-481-6190

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR THE CIRCUIT CIVIL DIVISION, OF BAY COUNTY, FLORIDA

FRANKLIN PATRICK, JR.,                        CASE NO: 2021-CA-1375

        Plaintiff,

vs.

FORSTER AND HOWELL,
INCORPORATED, d/b/a
GROCERY OUTLET,

        Defendant.

_____/

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Plaintiff, FRANKLIN PATRICK, JR., and sues Defendant, FORSTER

AND HOWELL, INCORPORATED, d/b/a GROCERY OUTLET (hereinafter shall be referred to

as "GROCERY OUTLET"), and alleges:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of

Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court).

Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of

the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only*

(the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the

civil cover sheet for data collection and clerical purposes only).  The actual value of Plaintiff's

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla.

Const.

2.     Plaintiff is a natural person residing in Bay County, Altha, Florida, 32421.

3.      At all times material to this action, GROCERY OUTLET is a for profit Alabama corporation licensed to do business in the State of Florida.

4.      At all times material hereto, Defendant was the owner and in possession of that certain business located at 225 South Tyndall Parkway, Callaway, Bay County, Florida, which was open to the general public, including the Plaintiff herein.

5.      On or about October 3, 2020, Plaintiff, FRANKLIN PATRICK, JR., visited Defendant's premises located at the above address as a business invitee and/or guest.

6.      At said time and place, Plaintiff, FRANKLIN PATRICK, JR., was a lawful guest upon the premises of the Defendant, GROCERY OUTLET, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, GROCERY OUTLET

7.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.      At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9.      At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to maintain or adequately maintain the aisle flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)      Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

2

c)   Negligently failing to inspect or adequately inspect the aisle flooring, as specified above, to ascertain whether the restaurant floor, which was poorly maintained, constituted a hazard to patrons utilizing said aisle flooring, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)   Negligently failing to inspect or adequately warn the Plaintiff of the danger of the aisle flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)   Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the aisle flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the aisle flooring for dangerous conditions;

g)   Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the aisle flooring for dangerous conditions;

h)   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)   Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the aisle flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)   Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)   Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

3

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10. As a result, while Plaintiff was visiting Defendant's business, he slipped on a foreign substance on the aisle flooring area, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization,

medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, FRANKLIN PATRICK, JR., sues the Defendant, GROCERY OUTLET, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, GROCERY OUTLET

12.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13.     At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14.     At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.     At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a)   Negligently failing to maintain or adequately maintain the aisle flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b)   Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   c)   Negligently failing to inspect or adequately inspect the aisle flooring, as specified above, to ascertain whether the restaurant floor, which was

5

poorly maintained, constituted a hazard to patrons utilizing aisle flooring, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the aisle flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the aisle flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the aisle flooring for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the aisle flooring for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)    Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the aisle flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)    Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)    Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)    Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said

conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)   Negligently failing to act reasonably under the circumstances;

n)   Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p)   Negligently failing to install, maintain and provide a safe flooring surface within the subject premises

q)   Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)   Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)   Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16.   As a result, while Plaintiff was visiting Defendant's business, he slipped on a foreign substance on the aisle flooring, sustaining significant personal injuries.

17.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and

aggravation of previously existing condition.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, FRANKLIN PATRICK, JR., sues the Defendant, GROCERY OUTLET, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 6th day of January, 2022.

Nicole E. Blais, Esquire
FBN 111904
Morgan & Morgan, PA
1022 West 23rd Street, Suite 630
Panama City, Florida 32405
Primary Email: nblais@forthepeople.com
Secondary Emails: hjamerson@forthepeople.com
rlowe@forthepeople.com
Phone: (850) 481-4160
Fax: (850) 481-6190
Attorneys for Plaintiff